10774

STATE v. JOHNSON

(110 S. E. 117)

LARCENY—EVIDENCE HELD INSUFFICIENT TO CARRY PROSECUTION FOR LARCENY OF LIVE STOCK TO JURY.—In prosecution of employee for larceny of live stock from employer, where the only evidence against employee was employers' testimony that, after the employee had been arrested for stealing a hog which belonged to the employer, the employee had said that, if the employer would not send him to jail, he (employee) would work for (employer) until employer was satisfied, the employee's motion for a directed verdict should have been granted.

Before MEMMINGER, J., Abbeville, September, 1919. Reversed.

Joseph Johnson, convicted of larceny of live stock and appeals.

*Mr. J. Howard Moore,* for appellant, cites: *Where there is no evidence to support verdict it is error to refuse new trial*: 67 S. E. 129.

*Mr. H. L. Blackwell,* Solicitor, for the State.

December 13, 1921.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

The defendant was convicted of larceny of live stock, and appeals, upon the ground that the presiding Judge should have granted his motion for a directed verdict. there being no evidence upon which a verdict of guilty could be based.

It appears from the record that the only evidence against the defendant, a young negro boy, was the testimony of his employer that, after the defendant had been arrested for stealing the hog which belonged to the employer, the defendant said that if he would not send him to jail he would work for him until he was satisfied.

As a matter of law, a verdict supported by such evidence as this is without foundation. The motion should have been granted.

The judgment of the Court is that the judgment appealed from be reversed, and the case remanded to the Court below, that a verdict may be directed for the defendant under Rule 27 (56 S. E. v.).